# **EXHIBIT B**

12/29/2020 11:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49271340
By: Joshua Hall
Filed: 12/29/2020 11:40 AM

Cause No. _____ * _____

| | | |
|---|---|---|
| SOTERO REYES,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| FIESTA MART, LLC,<br>*Defendant.* | §<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SOTERO REYES, ("PLAINTIFF") herein, and files this Plaintiff's Original Petition and Request for Disclosure complaining of FIESTA MART, LLC, ("DEFENDANT"), and for cause of action would show this Honorable Court as follows:

### I. PARTIES

PLAINTIFF is an individual who resided in Houston, Harris County, Texas, at the time the cause(s) of action accrued.

DEFENDANT, FIESTA MART, LLC is an entity organized under the laws of the State of Texas, and may be served with process by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136. **_Service of process on FIESTA MART, LLC is hereby requested at this time._**

### II. DISCOVERY LEVEL

Discovery in this matter should be conducted pursuant to Texas Rule of Civil Procedure 190.4 (Discovery Control Plan-Level 3).

### III. VENUE, JURISDICTION & ANTI-REMOVAL

Pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code, venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County. The amount in

controversy is within the jurisdictional limits of this Court. Removal of this case to federal court would be improper, because diversity of citizenship does not exist (no diversity jurisdiction), and no federal question exists (no federal question jurisdiction).

## IV. CONDITIONS PRECEDENT

PLAINTIFF alleges that all conditions precedent to DEFENDANT's liability have either occurred or have been satisfied.

## V. FACTUAL BACKGROUND

This is a slip-and-fall, negligence and premises liability lawsuit through which PLAINTIFF seeks compensation for injury suffered on or about October 5, 2019. At the time of the incident made the basis of this suit, PLAINTIFF was an invitee at DEFENDANT's grocery store located at 1020 Quitman Street, Houston, TX 77009. PLAINTIFF, who is 86-years-old, while walking in the area of the store where produce is sold, slipped and fell in clear liquid on the floor. Based on information and belief, one or more employees of DEFENDANT caused the liquid to be on the floor contemporaneously with their moving wet produce items to/from the displays. PLAINTIFF suffered a broken hip due to the fall, underwent emergency surgery, and was subsequently confined to a wheelchair.

## VI. DEFENDANT'S NEGLIGENCE AND PREMISES LIABILITY

DEFENDANT knew or should have known of the unreasonably dangerous condition posed by the liquid on the floor and neither corrected nor warned PLAINTIFF of it. PLAINTIFF had no knowledge of the dangerous condition and could not have reasonably been expected to discover it. DEFENDANT either created the condition and/or failed to correct the condition or to warn PLAINTIFF of the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and PLAINTIFF's resulting injuries.

DEFENDANT as occupier and owner of the premises, with control over the premises, owed PLAINTIFF a duty to warn and make safe the dangerous condition existing on DEFENDANT's premises. DEFENDANT is liable to PLAINTIFF under the theory of premises liability and negligent activity, based on DEFENDANT's negligent acts and/or omissions, to include, but not necessarily limited to:

- DEFENDANT's failure to warn PLAINTIFF of the dangerous condition on DEFENDANT's premises;
- DEFENDANT's failure to inspect the premises where the dangerous condition existed;
- DEFENDANT's failure to correct the condition by taking reasonable measures to safeguard persons, such as PLAINTIFF's, who entered DEFENDANT's premises;
- DEFENDANT's failure to train DEFENDANT's employees appropriately such that DEFENDANT's employees did not allow liquid on the floor to create a hazard; and
- DEFENDANT's failure to provide DEFENDANT's employees with a method and means of moving wet produce to/from the display without getting liquid on the floor creating a slip hazard.

Each of DEFENDANT's foregoing negligent acts and/or omissions, whether taken singularly or in any combination, proximately caused PLAINTIFF's injuries and damages that are described below.

## VII. INJURIES AND DAMAGES

As a direct and/or proximate result of DEFENDANT's negligence, PLAINTIFF suffered severe injuries. As a result, PLAINTIFF suffered the following injuries and/or damages:

(a) Physical pain and mental anguish in the past and future;

(b) Lost earnings in the past;

(c) Loss of future earning capacity;

(d) Physical impairment in the past and future;

(e) Medical expenses in the past and future;

(f) Disfigurement in the past and future; and

(g) Monetary damages greater than $200,000.00, but less than $1,000,000.00.

## VIII. REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, DEFENDANT is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Original Petition and Request for Disclosure.

## IX. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, PLAINTIFF hereby gives actual notice to DEFENDANT that any and all documents produced may be used against DEFENDANT at any pre-trial proceeding, and/or at trial of this matter, without the necessity of authenticating the documents.

## X. JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, PLAINTIFF requests a trial by jury and would show that the appropriate fee is paid or will be paid.

## XI. MISNOMER/MISIDENTIFICATION

In the event any party or parties are misnamed, or are not included herein, it is PLAINTIFF's contention that such was a "misidentification" or a "misnomer" of parties named herein.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully prays that the DEFENDANT be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for PLAINTIFF against DEFENDANT for compensatory damages, pre-judgment and post-judgment interest at the maximum rate allowed by law, costs of court and any and all such other and further relief, at law and/or in equity, to which PLAINTIFF may be justly entitled.

Respectfully submitted,

**SMITH & HASSLER**

*/s/ Brent M. Cardell*
Texas Bar No. 24005953
*/s/ Antane L. Peterson*
Texas Bar No. 24113439
1225 North Loop West, Suite 525
Houston, Texas 77008
For E-service Only:
cordell@smithandhassler.com
Tele: (713) 739-1250
Fax: (713) 864 7226

**ATTORNEYS FOR PLAINTIFF
SOTERO REYES**

Case 4:21-cv-00376   Document 1-2   Filed on 02/04/21 in TXSD   Page 7 of 8

1/21/2021 9:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49891750
By: Johnathan Johnson
Filed: 1/21/2021 9:33 AM

CAUSE NO. 202083090

| | | |
|---|---|---|
| SOTERO REYES<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs.<br>FIESTA MART LLC<br>Defendants. | §<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS<br><br>152nd  JUDICIAL DISTRICT |

### DEFENDANT FIESTA MART LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.  General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.  Jury Demand

2. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### III.  Request for Disclosure

3. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

### IV.  Prayer

FOR THESE REASONS, Defendant FIESTA MART LLC, respectfully prays that the Court enter a judgment that:

1.  Dismisses all claims against Defendant FIESTA MART LLC, and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2.  Orders that Defendant recovers all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

>Respectfully submitted,
>
>MEHAFFYWEBER, P.C.
>
>By:/s/*Maryalyce W. Cox*
>Maryalyce W. Cox
>State Bar No. 24009203
>One Allen Center
>500 Dallas, Suite 2800
>Houston, Texas  77002
>Telephone  - (713) 655-1200
>Telecopier  - (713) 655-0222
>maryalycecox@mehaffyweber.com
>
>ATTORNEYS FOR DEFENDANT
>FIESTA MART LLC

**CERTIFICATE OF SERVICE**

   This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on January 21, 2021, pursuant to the Texas Rules of Civil Procedure.

>*Maryalyce W. Cox*
>Maryalyce W. Cox

2

HOULITIGATION:1711792.1