Case 4:21-cv-00376   Document 17   Filed on 04/14/22 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
April 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOTERO REYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-00376 |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM & ORDER**

Pending before the Court is the Motion for Summary Judgment filed by Defendant Fiesta Mart, LLC. ECF No. 12. For the reasons set forth below, the Court **GRANTS** Fiesta Mart's Motion for Summary Judgment.

**I.    BACKGROUND**

In this case, Reyes alleges that he was injured when he slipped and fell at a Fiesta Mart store in October of 2019. Reyes filed his Original Petition in state court on December 29, 2020. Fiesta Mart removed the case to this Court on February 4, 2021. ECF No. 1. Fiesta Mart filed a Motion for Summary Judgment on February 9, 2022. ECF No. 12.

**II.   STANDARD OF REVIEW**

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return

1

a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)). "[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718–19.

### III. ANALYSIS

Reyes asserts causes of action for premises liability and general negligence. The Court holds that Fiesta Mart is entitled to summary judgment on all of Reyes's claims.

#### A. Discovery Objection

In Reyes's Response to Fiesta Mart's Motion for Summary Judgment, he objected to the Court's consideration of the Motion on the basis that discovery in the case was ongoing. ECF No. 13 at 1. Specifically, Reyes requested time to depose Fiesta Mart's representatives. *Id.* As a result, the Court abated Fiesta Mart's Motion for summary judgment until after April 8, 2022. ECF No. 15. The Court gave Reyes "until April 8, 2022 (the discovery deadline) to depose a corporate representative from Fiesta Mart *and* file a Supplemental Response addressing how, if at all, that

deposition affects Defendant's Motion for Summary Judgment." *Id.* The Court permitted Fiesta Mart to file a Reply within seven days following that Supplemental Response. *Id.* Reyes failed to file a Supplemental Response by the deadline. Fiesta Mart filed its Reply on April 12, 2022. Because the deadline has passed without an update from Reyes, the Court now **OVERRULES** Reyes's objection and will rule on Fiesta Mart's Motion for Summary Judgment.

B. *Fiesta Mart is Entitled to Summary Judgment on Reyes's Premises Liability Claim*

"Under Texas law, a property owner owes an invitee a duty to protect the invitee from dangerous conditions that are known or reasonably discoverable." *Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 792, 796 (S.D. Tex. 2013) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). To recover in a premises liability case, Reyes must show:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Here, Reyes's premises liability claim fails because he cannot demonstrate actual or constructive notice of a condition on the premises.

Reyes argues that the record creates a genuine issue of material fact as to notice because "Fiesta Mart knew of the unreasonably dangerous condition of the liquid left negligently on the floor of [its] produce section, [as its] employees put out the wet produce, in the produce section, of which [Fiesta Mart's] managers, security guards, produce employees and cleaning crew knew." ECF No. 13 at 8. To support this argument, Reyes points to the following portions of his deposition testimony:

> Q. If there were cameras in the store, Fiesta would know how long that liquid had been on the floor, would they not?
> A. Yes
> Q. And Fiesta would have seen that liquid on the floor before you fell, would they not?
> . . .
> A. That's right.
> Q. Before you slipped and fell, would they not?
> A. Yes.
> . . .
> Q. And if Fiesta had security guards and managers that patrolled the store, they would have seen that liquid before you slipped and fell, would they not?
> . . .
> A. That's correct.
> . . .
> Q. And if Fiesta had employees that put out wet produce, they would have seen that liquid before you slipped and fell, would they not?
> . . .
> A. Exactly.
> . . .
> Q. Asked another way, did you choose that path to walk around the produce?
> A. There was no other way. That's – that's what was there.
> . . .
> Q. So, just so I understand, all you know is, you slipped in Fiesta on a liquid; is that right?
> . . .
> A. That's right, yes.
> Q. A liquid that you couldn't see; is that right?
> A. Exactly
> Q. And this happened near the produce section; is that right?
> A. That's – that's how it happened.
> . . .
> Q. And it's certainly not the responsibility of anyone but Fiesta to maintain Fiesta's store; is that right?
> . . .
> A. Yes. Exactly.

ECF No. 13-1 at 35:25–44:9.

Texas courts have held "that an owner or occupier has sufficient knowledge of a condition to be liable for the injuries caused by the condition if the plaintiff proves the defendant: '(1) put

the foreign substance on the floor; or (2) knew that it was on the floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care.'" *Keetch*, 845 S.W.2d at 265 (quoting *Robledo v. Kroger Co.*, 597 S.W.2d 560, 560 (Tex. App.—Eastland 1980, writ ref'd n.r.e.) (numbers added)). In this case, the evidence in the record does not raise a genuine issue of material fact on any of these standards.[1]

As to the first standard, Reyes testified that at the time of the accident "[t]here was nobody" putting out produce in the area where he fell. ECF No. 12 (Exhibit A) at 35:4-6. He also testified that after he fell, he did not see any water on the produce in the Fiesta produce section. *Id.* at 40:21-24. There is therefore nothing in the record that raises a genuine issue of material fact as to whether Fiesta Mart put the foreign substance on the floor. The simple fact that Reyes slipped in a store does not support a reasonable inference that he slipped on a substance that the owner put there. Stores are often full of other shoppers, any one of whom might have put the substance on the floor. What's more, Reyes's testimony that there were no Fiesta Mart employees around and no water on the nearby produce militates against an inference that Fiesta Mart employees caused the substance to be deposited on the floor. Plus, Reyes testified repeatedly during his deposition that "[t]here was no water, nothing" on the floor and that it was dry. *See e.g.*, *id.* at 24:11-12. Reyes's best evidence to the contrary appears to be that he walked on a pathway through the produce boxes,

---

[1] Before diving into the standards, the Court notes that Reyes's deposition is rife with contradictions. Reyes contends that he slipped and fell on a slippery liquid on the floor. But at various points in his deposition, he testified that he "didn't see anything" that caused him to fall, ECF No. 12 (Exhibit A) at 24:4-7; that it was dry and "[t]here was no water, nothing," *id.* at 24:11-12; that "there wasn't anyone" around to see what happened, *id.* at 13-16; that he did not see what he slipped on because "[t]here wasn't anything there," *id.* at 37:7-14; that he did not observe, see, or feel anything that caused him to fall, *id.* at 39:15–40:1; and that he had no idea how long any substance had been on the floor; *id.* at 42:13–43:2.

implying that Fiesta Mart employees created that pathway. *Id.* at 36:4-14. But, again, the simple fact that Reyes slipped on path that may have been created by Fiesta Mart employees at some point could not lead a reasonable jury to conclude that Fiesta Mart put a slippery substance on the floor. Consequently, Reyes does not raise a genuine issue of material fact as to whether Fiesta Mart put the foreign substance on the floor.

Reyes's argument on the second standard collapses into his argument on the first. Reyes argues that Fiesta Mart knew that the substance was on the floor and negligently failed to remove it because its employees put out the wet produce and its "managers, security guards, produce employees and cleaning crew knew." ECF No. 8. As detailed above, however, the record does not permit the inference that Fiesta Mart created the condition in question. Simply arguing that Fiesta Mart employees knew does not make it so; there is no evidence here from which a reasonable jury could infer knowledge. As such, Reyes cannot create a genuine issue of material fact as to whether Fiesta Mart knew that a substance was on the floor and negligently failed to remove it.

Finally, as to the third standard, there is no evidence in the record that a foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care. "Temporal evidence—evidence of the length of time the dangerous condition existed—is the best indication of whether the premises owner had a reasonable opportunity to discover and remedy the condition." *Coburn v. Toys R Us-Delaware, Inc.*, 2011 WL 345936, at *4 (Tex. App. Feb. 3, 2011) (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002)). Even when an employee of the defendant is near the hazard when an individual slips and falls, such "proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it." *Reece*, 81 S.W.3d at 816. Thus, "[w]ithout

6

some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.* Reyes, for his part, points the Court to no evidence to indicate the amount of time that the alleged substance was on the floor. In addition, Reyes's repeated testimony that he could not see anything on the floor suggests that whatever was there would have been exceedingly difficult to "discover[] and remove[] in the exercise of ordinary care." Reyes therefore cannot establish a genuine issue of material fact on the third *Keetch* standard.

Writ large, then, Reyes has not raised a genuine issue of material fact as to whether Fiesta Mart had actual or constructive knowledge of some condition on the premises: the record contains no evidence that would permit a reasonable jury to conclude that Fiesta Mart (1) put the foreign substance on the floor; (2) knew that it was on the floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care. Consequently, the Court **GRANTS** Fiesta Mart's Motion for Summary Judgment on Reyes's premises liability claim.

### C. *Fiesta Mart is Entitled to Summary Judgment on Reyes's Failure to Monitor Claim*

Reyes further contends that Fiesta Mart should be held liable for failing to inspect the premises where he fell. But "[a]bsent evidence of the length of time that the substance had been on the floor, there can be no inference that any increased level of inspecting or cleaning by [the defendant] would have discovered and remedied the condition." *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 166 (Tex. App. 1998). As stated above, there is no evidence in the record to indicate the length of time that the alleged substance was on the floor, nor is there evidence going to Fiesta Mart's monitoring policies and procedures. Without more, Reyes cannot make out a claim

for failure to monitor. The Court therefore **GRANTS** summary judgment for Fiesta Mart on this claim as well.

### D. Fiesta Mart is Entitled to Summary Judgment on Reyes's General Negligence Claim

Finally, Fiesta Mart is entitled to summary judgment on Reyes's general claim of negligence. Texas courts have made clear that "[n]egligence and premises liability claims . . . are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). "In a negligent-activity case, a property owner or occupier must 'do what a person of ordinary prudence in the same or similar circumstances would have . . . done,' whereas a property owner or occupier in a premises liability case must 'use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about.' " *Id.* (quoting *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (cleaned up)). The critical distinction, then, is that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (cleaned up). "When distinguishing between a negligent activity and a premises defect," the Texas Supreme Court "has focused on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect." *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 388 (Tex. 2016). Applying that principle to slip-and-fall cases, the Texas Supreme Court "has consistently treated slip/trip-

and-fall cases as presenting claims for premises defects." *Id.* at 386.

*Minjarez v. Wal-Mart Stores, Texas, LLC* is instructive on this issue. 363 F. Supp. 3d 763 (W.D. Tex. 2019). There, the plaintiff alleged that she was walking through the produce area when she slipped on a loose, dark grape that was on the floor next to a self-service grape display. *Id.* at 766. The plaintiff fell and required medical treatment for injuries. *Id.* Applying Texas law, the federal district court held that the plaintiff's suit "rests solely on a condition of the premises: the grape display." *Id.* at 773. The defendant's alleged "failure to clean the floors or use preventative measures, like mats, is not analogous to 'affirmative, contemporaneous conduct by the owner of the store.' " *Id.* (quoting *United Scaffolding*, 537 S.W.3d at 471). As a result, the court concluded that the plaintiff's claim "clearly seeks relief for an allegedly defective condition of the premises and thus 'encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.' " *Id.* (quoting *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015) (internal quotation marks and citation omitted)). The court therefore held that "Texas law precludes a concurrent claim of negligence" such that "[s]ummary judgment against the ordinary negligence claim" was required. *Id.*

The same result should follow in this case. There is no evidence in the record to suggest that the alleged substance on the floor resulted from a contemporaneous activity of Fiesta Mart. Rather, Reyes's claim focuses entirely on the condition that was allegedly created in the store. Consequently, there is no evidence to support the theory that Fiesta Mart undertook affirmative contemporaneous conduct for which it might be held liable on a negligent-activity claim. In this case, as in *Minjarez*, Texas law precludes a concurrent claim of negligence. The Court therefore

9

**GRANTS** summary judgment for Fiesta Mart on Reyes's negligent-activity claim as well.[2]

### IV.   CONCLUSION

For the reasons set out above, the Court **GRANTS** Fiesta Mart's Motion for Summary Judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this 14th day of April, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that even if it were to reach the merits of Reyes's ordinary negligence claim, the record would not permit a reasonable jury to find for Reyes. There is no evidence as to the nature of the substance, how it got on the floor, how long it was on the floor, how Fiesta Mart approached spilled substances, or host of other critical matters. The simple fact that a person slipped and fell is not sufficient to get a negligence claim to a jury. Thus, Reyes's negligent-activity claim cannot survive summary judgment.